# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James Leggett, | |
| Plaintiff, | |
| v. | Civil Action No.  09-0558 (JDB) |
| Jeffrey D. Powers, | |
| Defendant. | |

## MEMORANDUM OPINION

In this civil action filed *pro se*, plaintiff James Leggett, a resident of Houston, Texas, sues

Jeffrey D. Powers for alleged misdeeds stemming from his role as "law enforcement liaison with

the [Federal Emergency Management Agency ("FEMA")] organization[.]" Compl. at 2.

Specifically, plaintiff accuses defendant of, among other behavior, abusing his authority,

harassing plaintiff and "knowingly present[ing] himself pursuant to 18 U.S.C. § 912 in a false

personalization of then President George. W. Bush." *Id*. at 1-2.  Defendant moves to dismiss the

complaint under Rules 12(b)(1), (b)(2), (b)(4), (b)(5) and (b)(6) of the Federal Rules of Civil

Procedure.  Upon consideration of the parties' submissions and the entire record, the Court finds

no basis for subject matter jurisdiction and, hence, grants defendant's motion to dismiss under

Rule 12(b)(1), albeit for reasons different from those advanced by defendant.

## I.  BACKGROUND

The complaint stems from plaintiff's apparent frustration with the process for filing a

claim with FEMA for disaster relief following Hurricane Rita.  Allegedly, plaintiff "was in

contact with a Herman Jackson who was helping [him]" when "red tape and politics" got in the

way. Compl. at 2. Plaintiff contacted Jackson's supervisor, Brian Thompson, "to try and get to

the bottom of the problems." *Id*. "The defendant came into play after the plaintiff told []

Thompson that if he did not do his job like he was suppose to . . . the plaintiff would have to fly

to Washington, D.C. and speak with the President about these problems that FEMA will not fix."

*Id*. at 3. Thompson reported what he considered to be "a threat" to defendant who, in turn,

contacted plaintiff. *Id*. Plaintiff alleges that defendant accused him "of improper gramm[a]r on

documents and state[d] that [plaintiff] printed a letterhead of FEMA on to a FEMA document,"

*id*., the latter of which apparently led to plaintiff's conviction for filing a false claim in violation

of 18 U.S.C. § 287. *See* Compl. at 1; Def.'s Ex. A [Dkt. No. 16-2] (Plea Agreement).

Plaintiff commenced this action on March 5, 2009, in the United States District Court for

the Southern District of Texas, which transferred the case to this Court by Order of March 20,

2009. He seeks an unspecified amount of "compensation." Compl. at 5.

## II.  DISCUSSION

The Court is required to dismiss an action "at any time" it finds that it lacks subject

matter jurisdiction. Fed. R. Civ. P. 12(h)(3). As a general rule applicable here, this Court has

jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United

States," 28 U.S.C. § 1331, or those "where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between--(1) citizens of different States[,]" 28

U.S.C. § 1332.

Plaintiff's harassment claim against Powers does not present a federal question under

§ 1331, and he cannot bring a private right of action based on defendant's alleged criminal

behavior. *See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit*, 248 F.Supp.2d 17,

22 (D.D.C. 2003) (finding that "the plaintiff is precluded from asserting any claims pursuant to

18 U.S.C. § 242 . . . because, as criminal statutes, they do not convey a private right of action.").[1]

In addition, plaintiff's failure to plead the requisite dollar amount in controversy and facts

establishing that the parties are citizens of different states forecloses any claims of diversity

jurisdiction under § 1332.

     For the foregoing reasons, the Court grants defendant's motion to dismiss the complaint

under Fed. R. Civ. P. 12(b)(1).  A separate Order accompanies this Memorandum Opinion.

s/
_____
JOHN D. BATES
United States District Judge

Dated: November 20, 2009

---

[1]  In a recently filed submission captioned "Motion by the Plaintiff for Civil Suit Against the Department of Justice," plaintiff presumably seeks to amend the complaint to add DOJ as a party-defendant.  He claims that "[t]he main issue . . . is that [DOJ] did not do a thorough investigation before they when [sic] and screwed around and lied to the Grand Jury and concealed and withheld crucial evidence which is obstruction of justice CH, 73 18 USC 1512."  Mot. at 2.  The Court will deny this motion not only because plaintiff has not complied with the rule for amending pleadings, *see* Local Civil Rule 7(i), but also because he is attempting at this late stage of the proceedings to add a new claim against a new defendant that would "radically alter the scope and nature of [this] case[.]" *Mississippi Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991).  Moreover, given plaintiff's failure to plead satisfaction of the requirements of the Federal Tort Claims Act, *see* 28 U.S.C. § 2675, he cannot sue an agency of the United States for monetary damages, and hence his proposed amendments would be futile.  *See Foman v. Davis*, 371 U.S., 178, 182 (1962) (leave to amend pleading should be "freely given" absent, *inter alia*, "futility of amendment"); *National Wrestling Coaches Ass'n v. U.S. Dept. of Educ.*, 263 F.Supp.2d 82, 103 (D.D.C. 2003) ("courts may deny a motion to amend a complaint as futile  . . .  if the proposed claim would not survive a motion to dismiss") (citations and internal quotation marks omitted) (ellipsis in original).